IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LONNIE GILLIAND, *et al*, | * | |
| | * | |
| v. | * | Civil No. JFM 11-3073 |
| | * | |
| KOCH TRUCKING, INC., *et al* | * | |

\*\*\*\*\*\*

## MEMORANDUM

Plaintiffs, a group of bus drivers and bus attendants, brought this class-action lawsuit against several bus companies alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501, *et seq*.[1]  After plaintiffs failed to timely file a response in opposition to defendants' motion to dismiss, I granted that motion.  Now pending is plaintiffs' combined motion for reconsideration and motion to accept their response in opposition filed late.

The motion is fully briefed, and no oral argument is necessary.  *See* Local Rule 105.6. For the reasons set forth below, I grant plaintiffs' motion to reconsider.  After consulting plaintiffs' response brief, however, I reach the same conclusion that I did previously—Maryland state court is the proper venue for this action where the School Board can be joined as a

---

[1] As of the Fifth Amended Complaint ("FAC"), there are forty-three named plaintiffs, collectively referred to hereafter as "plaintiffs."  The named defendants are several bus companies and their owners/operators, including: Koch Trucking, Inc.; Keller Transportation, Inc.; H & H Bus Service, Inc.; Compton Bus Services, Inc.; and Dink's Bus Service, Inc., referred to as "defendants."

necessary and indispensable party.  Accordingly, defendants' motion to dismiss is once again granted.

## BACKGROUND

The following is a brief summary of this case's lengthy procedural history.  Plaintiffs filed a complaint on October 28, 2011 against the Board of Education of Charles County, Maryland ("the School Board") and several bus companies that contracted with it.  (ECF No. 1). The complaint alleged, among other claims, that two classes of plaintiffs (later expanded to three in subsequent amended complaints) were denied overtime pay in violation of the FLSA, MWHL, and the MWPCL.  After the plaintiffs' third amended complaint, the School Board and its constituent members filed a motion to dismiss on the grounds that they were immune under the Eleventh Amendment.  After I denied that motion, (ECF No. 98), the School Board filed an interlocutory appeal and the Fourth Circuit reversed.  *Gilliland v. Bd. of Educ. of Charles Cnty.*, 526 F. App'x 243 (4th Cir. 2013).  The plaintiffs then removed the School Board and its members in the fourth amended complaint.

Plaintiffs most recently filed a fifth amended complaint  ("FAC") on November 10, 2014. (ECF No. 178).  Defendant Keller Bus Service, Inc. filed a motion to dismiss plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(7) on December 12, 2014, which all other remaining defendants joined.  (ECF No. 191).  The Rule 12(b)(7) motion argued that dismissal was required because the School Board was a necessary party under Rule 19.  Pursuant to the Local Rules, plaintiffs' response in opposition was due by December 29, 2014.  Plaintiffs did not timely respond, and contacted defense counsel directly after that deadline on two occasions to ask for an extension of time.  (ECF No. 227 at pp. 3–4, ¶¶ 10–11).  Defendants consented to both extensions, and plaintiffs filed a consent motion for an extension of time to respond on January

19, 2015.  (ECF No. 216).  In his communications with defendants and this court plaintiffs'

counsel alluded to health complications facing him and his family.  I granted the motion for an

extension of time, agreeing to the requested deadline of January 28, 2015.  (ECF No. 217).

Plaintiffs' counsel missed that deadline and did not contact defendants or this court.  On

February 18, 2015 I granted defendants' motion to dismiss the FAC without prejudice.  (ECF

No. 222).  I noted that plaintiffs had not filed their response in opposition, and their omission

"seem[ed] to imply that they agree[d]" with my analysis that "it is in the public interest" that

plaintiffs refile their complaint in state court.  (ECF No. 221).  About two weeks later, on March

4, plaintiffs filed the pending motion for reconsideration and to accept their late response in

opposition.  (ECF No. 225).  Plaintiffs appear to seek relief under both Federal Rule of Civil

Procedure 59(e) and 60(b).  That motion is fully briefed, as is now the original Rule 12(b)(7)

motion to dismiss.

## STANDARD

### I.  Motion to Reconsider.

A party may seek to alter or amend a judgment under Rule 59(e) if it demonstrates any of

the following three criteria: (1) "an intervening change of controlling law"; (2) new evidence

becomes available; or (3) "there is a need to correct a clear error or prevent manifest injustice."

*Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).  Relief is not

appropriate for a party who simple disagrees with a court's ruling, "the proper venue [for that

party] is with the United States Court of Appeals for the Fourth Circuit."  *Bey v. Shapiro Brown

& Alt, LLP*, 997 F. Supp. 2d 310, 322 (D. Md. 2014).  A Rule 59(e) motion must be filed within

28 days of the judgment, and deciding whether to grant the motion is within the discretion of the

district judge.  *Robinson*, 599 F.3d at 407.

A party may also seek relief from a judgment or order under Rule 60(b) if it can satisfy one of six enumerated criteria after demonstrating "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Almy v. Sebelius*, 749 F. Supp. 2d 315, 338 (D. Md. 2010) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).  A motion under Rule 60(b) is not appropriate when a party seeks to re-litigate the merits of a motion or ask the district court to "change its mind." *Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.*, 981 F. Supp. 2d 415, 419 (D. Md. 2013). The first set of factors that could warrant relief under Rule 60(b) is a showing of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  As with Rule 59(e), a 60(b) ruling is within the discretion of the district judge. *Aikins v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc).

**II.  Motion to Dismiss.**

Fed. R. Civ. P. (12)(b)(7) permits a party to file a motion to dismiss for failure to join a necessary party under Fed. R. Civ. P. 19.  There is a two-step inquiry under a Rule 12(b)(7) motion. *See Owens–Illinois, Inc. v. Meade,* 186 F.3d 435, 440 (4th Cir. 1999).  First, the court must determine whether the party is "necessary" to the action under Rule 19(a).  Under subsection (1)(B), a party is necessary if it "claims an interest relating to the subject of the action and . . . disposing of the action in the [party's] absence may . . . (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the interest."  Fed. R. Civ. P. 19(a)(1)(B)(ii).  This inquiry is "made pragmatically, in the context of the substance of each case, rather than by procedural formula." *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999).

If the court concludes that the absent party is necessary but cannot be joined, the next step is to determine whether the party is indispensable under Rule 19(b).  *See Owens–Illinois, Inc.,* 186 F.3d at 440.  Four factors guide that analysis—(1) the extent that a judgment rendered would be prejudicial to the absent or existing parties; (2) whether relief can be shaped to lessen or avoid any prejudice; (3) whether a judgment will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed.  Fed. R. Civ. P. 19(b).  A court should consider the equities of the particular factual setting presented.  *See Schlumberger Indus. Inc. v. Nat'l Sur. Corp.,* 36 F.3d 1274, 1286 (4th Cir. 1994).  Although dismissal of a case may be warranted when a necessary and indispensable party cannot be joined and "the resulting defect cannot be remedied and prejudice or inefficiency will certainly result," *Owens*, 186 F.3d at 441, it is "a drastic remedy . . . which should be employed only sparingly." *Keal Driveaway Co.*, 173 F.3d at 917–18.  Finally, "[t]he burden of proof rests on the party raising the defense." *Am. Gen. Life and Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

## ANALYSIS

Regardless of how their motion is labeled, plaintiffs move to have my order granting defendants' motion to dismiss withdrawn and for me to re-consider the motion in light of plaintiffs' untimely response in opposition.  I grant that request.  After considering plaintiffs' response brief, however, I reach the same conclusion—the School Board is a necessary and indispensable party under Rule 19.  Because it is immune under the Eleventh Amendment and cannot be joined in this action, dismissal of the case without prejudice is appropriate.[2]  Each motion is discussed in turn.

---

[2] In dismissing plaintiffs' complaint under Rule 12(b)(7), I do not need to address defendant Helen Keller's individual Rule 12(b)(6) motion.

## I.   Motion to Reconsider.

Plaintiffs move to have my order granting defendants' motion to dismiss withdrawn so that I can accept and consider their untimely response in opposition.  It is unclear whether plaintiffs seek relief under Federal Rule of Civil Procedure 59(e) or 60(b), but I will not place form above substance.[3]  Of the two, plaintiffs have a stronger case under Rule 60(b)(1).  Rule 59(e) permits altering or amending a judgment under three criteria, none of which are applicable here.  There has been no new evidence cited by plaintiffs, no change in controlling law, and it is unlikely that denying their motion would result in "manifest injustice."  Instead, plaintiffs' motion is best judged under Rule 60(b)(1) as requesting relief from my order because of their counsel's "excusable neglect."

Filed simultaneously with the motion for reconsideration is a sealed two-page affidavit which outlines plaintiffs' counsel Scott Conwell's explanation for his delay in filing the response in opposition.  (ECF No. 224).  Due to the personal details in that letter I will not recite the specifics here except to note that I find Mr. Conwell's explanation of the medical complications that confronted him and his family credible.  Defendants are correct to highlight the numerous extensions granted to plaintiffs, including an extension to file the response in opposition to defendants' motion to dismiss.  Although plaintiffs' counsel probably could and should have moved for another extension of time prior to the January 28 deadline, I will not penalize plaintiffs by ignoring their substantive legal arguments.  In this context, where plaintiffs seek to

---

[3] Although the Fourth Circuit has "squarely held . . . that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment," *Robinson*, 599 F.3d at 412, plaintiffs' motion in this case was filed 13 days after my order and is accordingly not subject to this rule.

file a response in opposition and defendants have not adequately demonstrated prejudice, I find

that Mr. Cromwell's situation constitutes "excusable neglect" under Rule 60(b)(1).

When I granted the motion to dismiss on February 18, 2015 (ECF No. 222), I was under

the impression that plaintiffs' failure to file a response in opposition signaled their tacit

agreement with defendants' arguments.  Because that impression was incorrect, I grant them

relief from my order on February 18, 2015 and accept plaintiffs' untimely response in

opposition.  I now turn to the fully briefed motion to dismiss.

## II.  Motion to Dismiss.

The Keller defendants' motion to dismiss, which was joined by all other remaining

defendants, argues that dismissal is warranted under Rule 12(b)(7) because the School Board is a

necessary and indispensable party.  Based on the allegations pleaded in plaintiffs' third amended

complaint and the Fourth Circuit's *Gilliland* decision in this case, I agree with defendants and

dismiss plaintiffs' case without prejudice so that they can re-file in Maryland state court.[4]

Before delving into the two-part test under Rule 19, I want to explain at the outset how

the Fourth Circuit's decision in this case—which did not address Rule 19—nonetheless guides

my ruling here.  Plaintiffs originally named the School Board as a defendant, but the Fourth

Circuit granted the School Board immunity under the Eleventh Amendment in an interlocutory

appeal.  *See Gilliland*, 526 F. App'x at 249–50.  In justifying that decision, the *Gilliland* court

characterized plaintiffs' FLSA claims as "contractual in their nature" because "the FLSA's

overtime provisions are read into and become a part of every employment contract."  *Gilliand*,

526 F. App'x at 249 (quoting *Roland Elec. Co. v. Black*, 163 F.2d 417, 426 (4th Cir. 1947)).

---

[4] The Third Amended Complaint is the last one in which the School Board and its constituent
members were named as defendants.  After the Fourth Circuit's *Gilliland* order granted the
School Board immunity, plaintiffs filed a fourth amended complaint (and later fifth) that no
longer named the Board as a defendant.

The court likely based that characterization on plaintiffs' reference to a "written contract between the [School] Board and its bus contracting and operating entities" in the third amended complaint. (ECF No. 55 ¶ 108). Because the Fourth Circuit has held that "a contracting party is the paradigm of an indispensable party," *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S. Carolina, Inc.*, 210 F.3d 246, 252 (4th Cir. 2000), plaintiffs' allegations and the *Gilliland* decision justify holding that the School Board is necessary and indispensable under Rule 19 in this case.[5] With that basic framework in mind, I now turn to the traditional two-part test under Rule 19.

**A. The School Board is a necessary party under Rule 19(a).**

The first prong of the two-step analysis under Rule 19 is to determine whether the absent party is "necessary." A party satisfies that requirement if it "claims an interest relating to the action" and continuing the action without that party "leave[s] an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii).[6] Here, the School Board meets both elements.

Beyond simply "claim[ing] an interest" in this case, the School Board has a direct interest. It was originally named as a defendant by plaintiffs, and up through the third amended complaint the School Board bore the brunt of plaintiffs' allegations as the party whose actions allegedly violated the plaintiffs' rights. For example, plaintiffs alleged that the School Board

---

[5] The characterization of plaintiffs' FLSA claims as "contractual in nature" also distinguishes this case from those which apply the traditional rule of joint and several liability for joint employers under the FLSA. *See, e.g.*, *Jacobson v. Comcast Corp.*, 740 F. Supp. 2d 683, 688 (D. Md. 2010). Even though "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit," *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam), plaintiffs' claims here are *not* based in tort. This nuance also distinguishes *Iraheta v. Lam Yuen, LLC*, No. 12-1426, 2012 WL 5995689, at **5–6 (D. Md. Nov. 29, 2012).

[6] This is not the only method by which an absent party can be found to be "necessary" under Rule 19, but it is the one advocated for by defendants and best fits this case.

"licensed and employed Plaintiffs . . . [who] were employed through the use of numerous contracting and operating entities that worked directly and/or indirectly in the interest of the Board."  (ECF No. 55 at p. 6).  Similarly, plaintiffs alleged that the School Board approved and maintained the "Time and Mileage" sheets which set the plaintiffs' hours, and its "control was so absolute that it also unilaterally determined that the FLSA did not apply to bus drivers and bus contractors and made certain that [they] . . . were aware that it had determined that the provisions of the FLSA did not apply."  (*Id.* at pp. 8–9).  Were this case to proceed without the School Board, I would necessarily need to interpret and rule on liability under the employment contracts, an issue on which the School Board very much has an interest.  *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh,* PA, 210 F.3d at 251 (holding that a party was necessary in part because it had "a direct interest in the district court's determination of its reporting obligations as well as an interest in" the court's determination of its insurance policy).  Although issue preclusion would not apply, the plaintiffs would likely cite any rulings favorable to their position as persuasive authority in a later proceeding.

The School Board's centrality and necessity is also shown by the effect on the remaining defendants of proceeding without it.  Under Rule 19(a)(1)(B)(ii), the defendants would have a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations."  If plaintiffs file a separate lawsuit against the School Board in state court, they might name the remaining defendants as joint employers.  Or the School Board may implead them as third-party defendants to seek indemnity or contribution.  Either way, the defendants may be forced to confront the same allegations by the same plaintiffs in state court after litigating here in federal court.  The possibility that two courts would reach different conclusions regarding the identical employment contracts and factual allegations are the kind of "incongruous results" that the

Fourth Circuit has held are "grounds for finding a non-joined party necessary." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999) ("This potential for factual and legal 'whip-saw' weighs heavily in favor of having one court adjudicate the entire case with all of the affected parties before it."); *see also Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 435 (4th Cir. 2014) ("Where possible, law should be utilized to streamline and simplify.").

**B. The School Board is also "indispensable" under Rule 19(b).**

Once an absent party is found to be "necessary," courts must then determine whether that party is "indispensable" if joinder is not feasible.  Courts consult four factors when deciding "whether, in equity and good conscience" the action can proceed without the absent party.  Fed. R. Civ. P. 19(b).  Here, the School Board cannot be joined because of its immunity under the Eleventh Amendment, and I find that it is also "indispensable."  Accordingly, dismissal without prejudice is appropriate.

The first factor under Rule 19(b) is whether "a judgment rendered in the [party's] absence might prejudice that [party] or the existing parties."  Fed. R. Civ. P. 19(b)(1).  The concerns raised by this factor are similar to those in the Rule 19(a)(1)(B)(ii) analysis discussed above—whether continuing without the necessary but absent party would prejudice either it or the remaining parties by placing them at risk of multiple lawsuits and potentially "inconsistent obligations."  *See Keal Driveaway Co.*, 174 F.3d at 919.  Were this case to progress without the School Board, it could be negatively referred to both by plaintiffs (to contextualize the remaining defendants' actions) and also by the remaining defendants who might blame their conduct on the orders of the School Board.  That latter scenario could also result in the School Board being sued separately in state court by the remaining defendants for indemnity or contribution.  Likewise,

the defendants in this action could be impleaded by the School Board in state court.  All these

scenarios counsel in favor of a single lawsuit in which all necessary parties are present.

The second factor asks courts to determine whether they could "shape[] the relief" to

lessen or avoid prejudice to the parties.  Rule 19(b)(2).  Here, it is unclear how I could craft relief

(assuming the defendants were ultimately found to be liable) in a way that would cure the risk of

another identical lawsuit filed in state court, potentially with the same defendants.  Ruling on the

remaining defendants' liability necessarily requires deciding issues which could implicate the

School Board.

The third factor is "whether a judgment rendered in the [party's] absence would be

adequate."  Rule 19(b)(3).  The interest here is the "complete, consistent, and efficient settlement

of controversies."  *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111

(1968).  As discussed above, if this case proceeds without the School Board and there is a later

action filed in state court, the end result would be "just the opposite: incomplete, inconsistent,

and inefficient rulings."  *Hanna*, 750 F.3d at 436.  It is likely, therefore, that a judgment in this

case without the School Board would be inadequate.

Finally, the fourth factor is whether dismissal leaves plaintiffs with "an adequate

remedy."  Rule 19(b)(4).  The adequate remedy in this case is for plaintiffs to file a lawsuit in

state court and invoke the waiver of sovereign immunity under Md. Code Ann., State Gov't §

12-201(a).  The following three criteria must be satisfied for § 12-201(a) to apply—the lawsuit is

based on: (1) a written contract, (2) executed for Maryland while an employee was acting within

her scope of authority, and (3) is brought in Maryland state court.[7]  Here, based on the facts as

alleged by plaintiffs and the holding of the Fourth Circuit in *Gilliland*, all three criteria are

---

[7] The Maryland Court of Appeals has held that §12-201(a)'s waiver applies to School Boards.
*Beka Indus., Inc. v. Worcester Cnty. Bd. of Educ.*, 18 A.3d 890, 896 (Md. 2011).

present.  The second and third criteria are clear: plaintiffs could refile their complaint in state

court, and the employment contracts alluded to in plaintiffs' complaints were executed for

Maryland by its officers (likely employed by the School Board or Charles County).  The first

criterion, however—that the lawsuit be based upon a written contract—is a closer question

because of seemingly contradictory language present in the *Gilliland* opinion.  On the one hand,

the court stated that §12-201(a)'s waiver of immunity did not apply because plaintiffs' case "is

not based on a written contract."  On the other hand, the court later justified its holding in part by

characterizing plaintiffs' "FLSA claims [as] contractual in their nature."  *Gilliland*, 526 F. App'x

at 249.  I find that the court's former passage is not binding here.

First, whether § 12-201(a) applied to the School Board was not fully briefed in the

*Gilliland* appeal.  The School Board and plaintiffs did not dispute that it was inapplicable, likely

because the parties were not in state court.  Second, it appears that the record in *Gilliland* did not

contain the written contracts between the School Board and bus contractors that have been

subsequently cited and introduced by defendants as part of this motion to dismiss.  Finally, the

applicability of § 12-201(a) is a question of Maryland law, not federal.  If defendants are able to

persuade a state court—as they have persuaded me—that plaintiffs' claims involve contracts and

thus implicate § 12-201(a), the plaintiffs can "secure an adequate remedy simply by bringing an

action" that names all defendants, including the State Board, in Maryland state court.  *See, e.g.*,

*Keal Driveaway Co.*, 173 F.3d at 919. [8]

---

[8] Even if a Maryland court disagrees with my opinion on the applicability of § 12-201(a) to
plaintiffs' claims and dismisses the School Board, it could probably still be impleaded by the bus
company defendants.  They would have a claim for indemnity or contribution based on the
contracts with the School Board which would satisfy the requirements of §12-201(a).  This
alternative scenario, therefore, is still a more efficient and complete resolution of this dispute
than if the action proceeds in federal court.

**CONCLUSION**

For the reasons stated above, I grant plaintiffs' motion for relief from my order under Rule 60(b)(1).  After considering the substantive response in opposition, I nonetheless reach the same conclusion as I did previously and, therefore, grant defendants' motion to dismiss under Rule 12(b)(7).  Plaintiffs' Fifth Amended Complaint is dismissed without prejudice.

_____05/19/2015_____                              _____/s/_____
Date                                                     J. Frederick Motz
                                                         United States District Judge